# Exhibit EE
# 2021.09.22 Zee Email

| From: | Jeffer Ali |
|---|---|
| To: | Seth Ogden |
| Cc: | Nathan North; Litigation; Ryan D. Levy; Adam E. Szymanski; smcdearman@gkhpc.com; Brooke Solberg; Dainia Carlson |
| Subject: | RE: Meet and Confer |
| Date: | Wednesday, September 22, 2021 9:30:55 AM |

**Warning!** This message was sent from outside your organization and we were unable to verify the sender.    Allow sender | Block sender

Seth,

We are producing the contracts today.

As for search terms, only e-mails were searched; the company knows where the categories of other documents produced were stored.

As for the e-mails, the terms "Enviro Tech" and "Envirotech" were searched.


Jeffer Ali
Partner

### PATTERSON THUENTE IP
**Patterson Thuente Pedersen, P.A.**
4800 IDS Center, 80 S. 8th St.
Minneapolis, MN 55402-2100
612.803.0068
www.ptslaw.com

**From:** Seth Ogden <sro@iplawgroup.com>
**Sent:** Tuesday, September 21, 2021 9:21 AM
**To:** Jeffer Ali <ali@ptslaw.com>
**Cc:** Nathan North <nin@iplawgroup.com>; Litigation <Litigation@iplawgroup.com>; Ryan D. Levy <rdl@iplawgroup.com>; Adam E. Szymanski <Szymanski@ptslaw.com>; smcdearman@gkhpc.com; Brooke Solberg <solberg@ptslaw.com>; Dainia Carlson <carlson@ptslaw.com>
**Subject:** RE: Meet and Confer

Jeffer,

We appreciate the follow up and the additional information. We look forward to your response to our Interrogatories by 10/6. Based on your email, we expected to receive additional documents from Zee yesterday. Please let us know when we can expect those.

Regarding your proposal, please provide a list of the search terms that Mr. Bullard has already applied so that we may evaluate what additional searching could resolve our current discovery disputes.

Regards,
Seth

---

**From:** Jeffer Ali <ali@ptslaw.com>
**Sent:** Friday, September 17, 2021 6:19 PM
**To:** Seth Ogden <sro@iplawgroup.com>
**Cc:** Nathan North <nin@iplawgroup.com>; Litigation <Litigation@iplawgroup.com>; Ryan D. Levy <rdl@iplawgroup.com>; Adam E. Szymanski <Szymanski@ptslaw.com>; smcdearman@gkhpc.com; Brooke Solberg <solberg@ptslaw.com>; Dainia Carlson <carlson@ptslaw.com>
**Subject:** RE: Meet and Confer

Seth,

I write further the call we had earlier today. Let me offer some suggestions to break through the logjam here.

I want to re-iterate the issues you raised on the call today just so we're clear with each other.

**Interrogatories**

First, regarding Zee Company's supplementation of interrogatories to identify documents in response to the interrogatories, Zee Company will commit to providing supplemental responses by 10/6.

**Document Production**

As for the document production, here are the issues and our proposals:

Org chart – Zee Company does not have an org chart. It has a computer system from which charts can be prepared, and we did produce an engineering org chart of sorts. It is ZC0000002-11. Although this is not required by the rules, out of the spirit of compromise and to put this issue behind us, Zee Company is willing to generate a company-wide org chart and produce it.

Contracts – We thought we had produced contracts. We have not. There are few to produce, but we will have those loaded and produced on Monday.

Correspondence with Customers re the Patent-in-Suit – These have been produced in the form of e-mails from the date of patent issuance forward.

"Drafts" – Zee Company cannot search for "drafts" without more direction. To the extent there would have been any "drafts" of documents on Zee Company's network, they would have been produced. To the extent Enviro Tech wants Zee Company to have a sweep done of the hard drives of every employee in the company, Zee Company objects as that would be overly broad, unduly

burdensome, and not proportional to the needs of the case. Nevertheless, notwithstanding these objections, see the proposal below.

E-Mails – Zee Company has produced every e-mail company-wide referring to "Enviro Tech" from the date of issuance of the patent.

Proposal:

Regarding "drafts," e-mails, or any other documents Enviro Tech believes are covered by its document requests but possibly not produced, Zee Company is willing to do two things:

1. Zee Company will agree to send an e-mail to every employee in the company asking for a search for specific documents on any employee's hard drive, whether it be "drafts" of anything, with the caveat that Enviro Tech and Zee Company agree to search terms so the document searches are defined and less burdensome; and
2. Zee Company will agree to expand its company-wide search for e-mails to include addition terms (being that "Enviro Tech" was already searched), again as long as we can work out agreed-upon search terms.

As for the dispute about the appropriate cut-off for the dates of e-mails to be searched, I note that Zee Company has justified using the date of 2/9/21 forward because that is the date the patent-in-suit issued. If Zee Company would like to propose a search from an earlier date and has a justification for it, Zee Company would be willing to consider any earlier date, again if the parties agreed on the parameters of an earlier search, including agreed-upon search terms. In that regard, you mentioned "proposals" possibly made by Zee Company before terms were ultimately agreed on between Zee Company and any customer. If Enviro Tech would like Zee Company to search for proposals, we ask that Enviro Tech suggest search terms to be used for any search of possible proposals. Zee Company cannot perform searches without search terms, but would be willing to run searches if the parties agree to search terms.

I offer this with the reminder that the ESI order did state that the parties would meet and confer about ESI, so I raise this as part of the meet and confer in that regard.

Once we have a chance to review Enviro Tech's produced documents, we would appreciate the same courtesy in Enviro Tech considering performing any searches that Zee Company believes to be appropriate.

Please let me know of Enviro Tech's response to the-above referenced proposal at your convenience.

I trust this e-mail covers everything in the way of document request responses and document production raised in your many letters to me. If not, please identify all other issues so we can address them fully and finally.

Thank you.

Jeffer Ali
Partner

**PATTERSON THUENTE IP**
**Patterson Thuente Pedersen, P.A.**
4800 IDS Center, 80 S. 8th St.
Minneapolis, MN 55402-2100
612.803.0068
www.ptslaw.com

**From:** Seth Ogden <sro@iplawgroup.com>
**Sent:** Friday, September 17, 2021 11:00 AM
**To:** Jeffer Ali <ali@ptslaw.com>
**Cc:** Nathan North <nin@iplawgroup.com>; Litigation <Litigation@iplawgroup.com>; Ryan D. Levy <rdl@iplawgroup.com>; Adam E. Szymanski <Szymanski@ptslaw.com>; smcdearman@gkhpc.com
**Subject:** Meet and Confer

Jeffer,

We called you at the number in your email signature and on your letterhead at 10:30 Central this morning, as proposed in your letter dated September 14, 2021, but got your voicemail. We are generally available today except from 1:00-2:30. Please either (1) give me a call back on my cell (615-516-2163) at your convenience or (2) propose a time today for a call.

Thanks,
Seth

**Seth R. Ogden, Ph.D.** | *Shareholder*

PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
Phone: 615.242.2400 | Fax: 615.242.2221
Email: sro@iplawgroup.com
Roundabout Plaza | 1600 Division Street, Suite 500
Nashville, TN 37203



This email message, including any attachment(s), is intended only for the named recipient(s) and may contain confidential, proprietary or attorney-client privileged information. Unauthorized individuals or entities are not permitted access to this information. Any dissemination, distribution, disclosure, or copying of this information is unauthorized and strictly prohibited. If you have received this message in error, please advise the sender by reply email, and delete this message and any attachments.