# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| ZECO, LLC, d/b/a ZEE COMPANY, | ) | |
| | ) | |
| Plaintiff/ | ) | No 1:21-cv-00079 |
| Counterclaim Defendant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ENVIRO TECH CHEMICAL | ) | |
| SERVICES, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant/ | ) | |
| Counterclaimant | ) | |

## DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE PLEADINGS

Pursuant to Fed. R. Civ. P. 15(a) and this Court's Scheduling Order (D.E. 28), Defendant/Counterclaim Plaintiff Enviro Tech Chemical Services, Inc. ("Enviro Tech") file this Motion for Leave to Amend the Pleadings and state as follows:

### I.     LEGAL STANDARD

A party may amend its pleadings once a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b)—whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). A party also may amend its pleadings with the Court's leave, which should be given "freely . . . when justice so requires" Fed. R. Civ. P. 15(a)(2).

### II.    ARGUMENT

Enviro Tech seeks to amend its counterclaims to include allegations asserting that Zeco, LLC ("Zee") infringes the claims through a joint enterprise theory. Enviro Tech requests this amendment based on information discovered during the discovery process, including but not limited to Zee's discovery responses, produced contracts, and depositions of Zee employees.

1

Enviro Tech attaches hereto as Exhibit 1 an Answer to Complaint for Declaratory Judgment and [Proposed] Amended Counterclaim for Infringement. The allegations related to the joint enterprise theory can be found in paragraphs 33, 55-59, and 85 of Exhibit 1.

Zee's discovery responses indicate that Zee intends to assert that its customers perform some or all infringing actions and that Zee was not in control of its customers' actions. Enviro Tech continues to believe that Zee directs and controls the infringement of U.S. Patent No. 10,912,321 ("the '321 Patent"). However, to the extent that Zee's control of the process does not amount to direction and control of the infringement of the '321 Patent, Zee and its customers form a joint enterprise. Under this alternative theory of direct infringement, Zee and its customers form a joint enterprise because (1) they have an agreement (express or implied); (2) the agreement is directed to a common purpose—carrying out antimicrobial intervention process during poultry processing; (3) there is a community of pecuniary interest in that purpose—generating revenue that ultimately derives from the sale of poultry that meets regulatory standards; and (4) they have an equal right to a voice in the direction of the enterprise. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015) As to (1) and (2), Zee and its customers enter into contracts regarding the antimicrobial intervention services, at least some of which are governed by specific agreed statements of work. *See, e.g.*, ECF Nos. 15-1, 15-2. As to (3), the infringing antimicrobial intervention process implemented by Zee and its customers—which operates at increased pH levels—increases water retention in the processed poultry carcass (i.e., increases yield), thereby increasing the amount charged to consumers. Zee's customers obtain more revenue because the increased yield results in an increased price per carcass. In turn, Zee obtains more revenue because it sells more chemicals to the processor to achieve the common goal. This is because operating at higher pH levels requires both the addition of a previously unnecessary

alkaline source and a greater amount of peracetic acid. As to (4), both Zee and its customers have oversight authority over the joint project and both have the right to terminate their contractual agreements if dissatisfied with the way in which the joint project is carried out. *See, e.g.*, ECF Nos. 15-1, 15-2.

Based on the above evidence and similar evidence uncovered at this point in discovery, Enviro Tech believes good cause exists to amend Enviro Tech's counterclaims to add an allegation of literal, direct infringement through a joint enterprise theory.

### III. CONCLUSION

The deadline for motions to amend pleadings has not passed, making Enviro Tech's motion timely. This is Enviro Tech's first motion for leave to amend the pleadings. Enviro Tech has notified Zee of this motion and Zee does not oppose the motion.

Enviro Tech requests that it be allowed to amend its Answer to Complaint for Declaratory Judgment and Counterclaim for Infringement as of right and with the Court's leave. The amended Answer and Counterclaims are attached hereto as "Exhibit 1." A proposed order also is included.

Respectfully submitted,

/s/ Seth R. Ogden
Seth R. Ogden (Tenn. Bar No. 034377)
Ryan D. Levy (Tenn. Bar No. 024568)
Nathan I. North (Tenn. Bar No. 039068)
Scott M. Douglass (Tenn. Bar No. 031097)
Patterson Intellectual Property Law, P.C.
1600 Division Street, Suite 500
Nashville TN 37203
(615) 242-2400
sro@iplawgroup.com
rdl@iplawgroup.com
nin@iplawgroup.com

smd@iplawgroup.com

*Attorneys for Defendant/Counterclaimant
Enviro Tech Chemical Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE PLEADINGS has been served via CM/ECF, this 16th day of August 2022, upon the below-listed counsel at the following address:

Eric H. Chadwick
Zachary P. Armstrong
DeWitt LLP
901 Marquette Avenue
Suite 2100
Minneapolis, MN 55402
ehc@dewittllp.com
zpa@dewittllp.com

Jospeh T. Miotke
DeWitt LLP
13845 Bishops Drive
Suite 300
Brookfield, WI 53005
jtm@dewittllp.com

Adam E. Szymanski
Patterson Thuente IP
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402
szymanski@ptslaw.com

James S. McDearman
Grant, Konvalinka & Harrison, P.C.
633 Chestnut Street, Suite 900
Chattanooga, TN 37450
(423) 756-8400
smcdearman@gkhpc.com

/s/ Seth R. Ogden
Seth R. Ogden