IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ZECO, LLC, d/b/a ZEE COMPANY, | ) | No 1:21-cv-00079 |
| Plaintiff/ Counterclaim Defendant, | ) ) ) | |
| v. | ) | |
| ENVIRO TECH CHEMICAL SERVICES, INC., | ) ) | JURY TRIAL DEMANDED |
| Defendant/ Counterclaimant. | ) ) | |

## ZECO, LLC'S MOTION FOR LEAVE TO AMEND THE PLEADINGS

Pursuant to Fed R. Civ. P. 15(a) and 16(b), Local Rule 15.1, and the Court's Amended Scheduling Order (ECF 83), Plaintiff Zeco, LLC, d/b/a Zee Company ("Zee Company"), hereby moves this Court for leave to file its Amended Complaint to include a claim for a declaration that U.S. Patent No. 10,912,321 is invalid. Enviro Tech does not oppose the motion.

**I.      Legal Standard**

A party may amend its pleadings with the Court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a) provides that the Court should "freely give leave when justice so requires." *Id*. This mandate is to be heeded. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (addressing Rule 15(a)'s prior language, "shall be freely given when justice so requires"). It reinforces the principle that cases are tried on their merits rather than technicalities.

*Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987); *Id*. ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.")

Absent a showing of certain circumstances, like unfair prejudice, leave should be freely given. *Janikowski*, 823 F.2d.at 951 (explaining that a party opposing a motion for leave to amend must show significant prejudice); *Foman*, 371 U.S. at 182. (citing "undue prejudice"). The Sixth Circuit Court of Appeals has emphasized that its case law manifests liberality in allowing amendments to a complaint. *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (citations and quotations omitted).

## II. Argument

Zee Company moves for leave to amend its complaint to add a claim for a declaration of invalidity for U.S. Patent No. 10,912,321.[1] During discovery, Zee Company has come to appreciate certain evidence and positions taken by Enviro Tech that bear on the patent's validity. For example, Enviro Tech's expert consultant, Dr. Josh Herring, Ph.D, stated that "a person of ordinary skill in the art would have been a person with a bachelor's degree in a relevant field with 5-7 years of experience, a master's degree in the relevant field with 3-5 years of experience, or a *Ph.D in a relevant field*." ECF 61-1, ¶ 41 (emphasis added). Dr. Herring stated that he obtained his Ph.D in 2004 and that, prior to beginning his "graduate studies," he worked in poultry processing plants, where he "was to monitor," among other things, "pH." *Id*. at ¶ 11. Dr. Herring

---

[1] Zee Company has included paragraphs regarding Enviro Tech's representations to the United States Patent and Trademark Office regarding the industry's use of the claimed invention prior to issuance.

further stated that methods of determining pH, whether direct or indirect, were known and used "previously with chlorine-based antimicrobial interventions." *Id*. at ¶¶ 38-39. These assertions along with other statements have made clear that even Enviro Tech concedes much of the claimed invention already existed before the filing date of the '321 patent.

Zee Company's motion for leave to amend is timely. The Court issued an Amended Scheduling Order on August 9, 2022, that "**REPLACES** and **SUPPLANTS** the prior Scheduling Order [Doc. 28] as to all unexpired deadlines and outstanding requirements." ECF 83 (emphasis in original). When the amended order issued, the original deadline for leave to amend, August 16, 2022, had not expired. *See id.*, ECF 28, at 2. The Amended Scheduling Order thus supplanted and replaced that deadline. ECF 83. The Court set certain deadlines and stated that all remaining deadlines would be set by a separate order, following a status conference. *Id*. The Court has not yet provided a separate order setting a new deadline for leave to amend. Moreover, the Court's Amended Scheduling Order provides that "Final Invalidity Contention will be served 60 days after the *Markman* decision." Thus, the Amended Order contemplates that invalidity may be a part of this case.

Enviro Tech is not prejudiced by the proposed amendment. A party opposing a motion for leave to amend must show significant prejudice. *Janikowski*, 823 F.2d 945 at 951. Discovery is far from over. In the Amended Scheduling Order, the new deadlines are based on the *Markman* decision, which has not issued. ECF 83. Discovery closes 180 days after the decision. *Id*. Opening expert reports are due 120 days after the

decision, while rebuttal expert reports are due 30 days later. *Id*. A trial date has not been set and will not be until after a status conference with parties. *Id*. Enviro Tech has ample time to address invalidity.

## III. Conclusion

Enviro Tech does not oppose the motion. Zee Company's motion is timely, and Enviro Tech is not unfairly prejudiced. This is Zee Company's first motion for leave to amend the pleadings. Zee Company requests that it be allowed to amend its Complaint with the Court's leave. The proposed Amended Complaint and proposed exhibits are attached to this motion. A proposed order also is included.

Respectfully submitted,

Dated: August 26, 2022

*/s/ Adam E. Szymanski*
Eric H. Chadwick (MN Bar No. 0248769)
Zachary P. Armstrong (MN Bar No. 399992)
Adam E. Szymanski (MN Bar No. 0397704)
**DEWITT LLP**
2100 AT&T Tower
901 Marquette
Minneapolis, MN 55402-3713
Phone: 612-305-1426
Fax: 612-305-1414
ehc@dewittllp.com
zpa@dewittllp.com
aszymanski@dewittllp.com

J. Scott McDearman
**GRANT, KONVALINKA & HARRISON, P.C**.
633 Chestnut Street, Suite 900
Chattanooga, TN 37450-0900
(423) 756-8400
(423) 756-6518 (fax)
SMcDearman@gkhpc.com

*Attorneys for Plaintiff/Counter Defendant Zeco, LLC*